**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| SEAL SHIELD, LLC, a Florida limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) CASE NO.: 6:15-cv-1153-Orl-22GJK ) ) |
| MAN & MACHINE, INC., a Maryland corporation | ) ) ) |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SEAL SHIELD, LLC (hereinafter referred to as "**Seal Shield**" or "**Plaintiff**"), by and through undersigned counsel, hereby submits this Response in Opposition to Defendant, Man & Machine, Inc.'s (hereinafter referred to as "**MMI**" or "**Defendant**") Motion to Dismiss (the "Motion to Dismiss") and moves this Court for an Order denying Defendant's Motion to Dismiss, or, in the alternative, for an Order transferring this action to the United States District Court for the District of Maryland, as set forth in greater detail below.

**I.     INTRODUCTION**

    **a.  The Florida Action and MMI's Motion to Dismiss**

On July 16, 2015, Seal Shield filed the instant action (the "Florida Action"), consisting of Counts I - IV, alleging MMI engaged in various forms of false advertising, in violation of 15 U.S.C. § 1125(a) [Lanham Act claims] and Florida Statutes, Ch. 501,

Part II, *et seq*. [FDUTPA claims].

In response, MMI filed the Motion to Dismiss, seeking to have the Florida Action dismissed. The Motion to Dismiss should be denied because:

1. The relief sought by MMI in the Florida Action should have been sought in the Maryland Action; and

2. The Maryland Action deals with ***completely unrelated conduct*** and includes one party not included in the Florida Action.

### b. The Maryland Action

On June 6, 2014, MMI filed a three-count Complaint in the United States District Court for the District of Maryland (the "Maryland Action")[1] against Plaintiff, Seal Shield, LLC and another party, Seal Shield Corporation. Thereafter, on December 15, 2014, MMI filed a two-count Amended Complaint (ECF No. 33), alleging:

1. COUNT I – Seal Shield allegedly made false statements or omissions of fact regarding Seal Shield's products (Violation of the Lanham Act, 15 U.S.C. § 1125(a)); and

2. COUNT II – Seal Shield is alleged to have engaged in false patent marking (Violation of the False Marking Act, 35 U.S.C. § 292).

The deadlines in the Maryland Action have been stayed, but to give this Court an idea of where that case is procedurally, and the difficulty of consolidating the instant action with the Maryland Action, the discovery deadline was July 1, 2015, Requests for Admission were due July 8, 2015, and Dispositive pretrial motions were due July 30,

---

[1] Man & Machine, Inc. v. Seal Shield, LLC and Seal Shield Corporation, No. 8:14-cv-01829-PJM (D. Md. June 6, 2014).

2015 (a copy of the March 18, 2015 scheduling order in the Maryland Action is attached hereto as **Exhibit "A"**)

### c. Brief Summary

While there may be some overlap in the parties between the Maryland Action and the Florida Action, and while the suits share one of the same causes of action (the Lanham Act, 15 U.S.C. § 1125(a)) is invoked in both actions, the facts giving rise to the two actions are *completely unrelated*, and underlying conduct was committed by *completely different parties*. Consider, for a second, that party A trespasses on party B's land in Texas, and party B subsequently trespasses on party A's land in Rhode Island. Clearly, separate suits could be maintained, notwithstanding: (1) the parties to the suits would be the same; and (2) the cause of action, trespass to land, would be the same. Stated simply, though the Florida Action and Maryland action share one cause of action, since the two actions deal with completely unrelated conduct committed by completely different parties, there is absolutely no overlap in the factual bases of the actions. An examination of the operative complaints reveals the speciousness of MMI's contention that there is substantial overlap between the two actions. MMI's Motion to Dismiss should be denied.

## II.   ARGUMENT

### a. *The Relief MMI Seeks Should Have Been Sought from the Maryland Court.*

Defendant has improperly asked this Court to dismiss this action based on the "first-to-file" rule. In view of the basis upon which it is seeking the relief of dismissal, Defendant should have instead asked the Maryland Court whether the Florida Action

should be allowed to proceed along with the Maryland Action. Defendant's contention that this case should be dismissed is based on the "first-to-file" rule; it believes the Florida Action should be dismissed because the Maryland Action was the first filed action between the parties. However, it is well-settled in the Eleventh Circuit that when it becomes evident that substantial overlap may exist between two suits, "considerations of comity and orderly administration of justice demand that the [court in which the later-filed suit was initiated] should decline jurisdiction and remand the parties for their relief to the [court in which the first-filed suit was initiated], so long as it is apparent that a remedy is available there. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *but see American Reliable Ins. Co. v. Arrington*, 269 F. Supp 2d 758, 760-61 (S.D. Miss. 2003) (finding a district court has the ability to choose **not** to apply the first-to-file rule and deny a defendant's motion to dismiss/transfer even though the case was not the first-filed action between the parties). Therefore, because the Maryland Action was filed before this action, this Court should either deny the relief sought in the Motion to Dismiss or defer to the Maryland Court to determine whether the "first-to-file" rule should be applied to this case. Because the Maryland Court has yet to address this issue (Defendant has not so much as raised the issue with that court), Defendant's Motion to Dismiss should be denied. *See Homeowner's Loan Corp. v. North American Comm., Inc.*, 2007 WL 496746, at *1-2 (N.D. Ga. Feb. 12, 2007).

    **b. Dismissal Pursuant To The First File Rule Is Improper Because The Two Actions Do Not Substantially Overlap**

MMI seeks dismissal of this action based upon the "first-to-file" rule. *See* Motion to Dismiss at p. 1-2. That rule is a discretionary doctrine of comity which generally

4

provides that where two lawsuits involving the same parties and issues are pending in separate forums, the entire suit should be determined in the forum where the first suit was filed. *Smith v. S.E.C.*, 129 F. 3d 356, 361 (6th Cir. 1997) (identifying the rule); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F. 3d 599, 603 (5th Cir. 1999) (explaining the doctrine is discretionary). The purpose of the "first-to-file" rule is to avoid duplicative litigation. *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

To determine whether the "first-to-file" rule applies, courts consider: the order the suits were filed as well as the similarities between both the parties and issues in the two suits. *Fuller v Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 686, 688 (E.D. Tenn. 2005). Courts invoking the rule require "substantial overlap" between the two suits. *Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F. 3d 947, 950 (5th Cir. 1997); *Versus Tech, Inc. v. Hillenbrand Indus., Inc.*, No. 1:04-cv-168, 2004 WL 3457629, at *7-8 (W.D. Mich. Nov. 23, 2004).

MMI filed suit against Seal Shield and a corporation not a party to this suit in the District of Maryland on June 6, 2014. While Seal Shield recognizes there is an overlap of some of the parties and one of the causes of action, the "first-to-file" rule does not support dismissal of the instant suit because the conduct complained of in the Maryland Action and Florida Action was completely different and was committed by completely different parties. Simply stated, the issues herein do overlap at all with the Maryland Action.

Even a cursory analysis of the operative pleadings and the causes of action alleged therein, shows that Defendant's attempt to draw similarities between the

Maryland Action and the Florida Action is disingenuous. The charts below illustrate a comparison between the two actions:

## Florida Action

| Count | Cause of Action | Factual Basis | Relief Sought |
|---|---|---|---|
| I | 35 U.S.C. 1125(a); Florida Statutes, Ch. 501, Part II, *et seq*. | MMI is alleged to have made false claims regarding whether MMI's products are waterproof or meet IP68 standards. | Order enjoining MMI from making waterproof claims; Money damages; Corrective Advertising; Disgorgement of MMI's Profits |
| II | 35 U.S.C. 1125(a); Florida Statutes, Ch. 501, Part II, *et seq*. | MMI is alleged to have created a video containing inaccurate depictions of Seal Shield's products. | Order enjoining MMI from making certain comparative advertisements; Money Damages; Corrective Advertising; Disgorgement of MMI's Profits |
| III | 35 U.S.C. 1125(a); Florida Statutes, Ch. 501, Part II, *et seq*. | MMI is alleged to have made false claims regarding "requirements" for medical grade keyboards and false claims about antimicrobial products. | Order enjoining MMI from making claims related to requirements for medical grade keyboards; Corrective Advertising; Disgorgement of MMI's Profits |
| IV | 35 U.S.C. 1125(a); Florida Statutes, Ch. 501, Part II, *et seq*. | MMI is alleged to have created a misleading photograph of grass growing on a keyboard. | Order enjoining MMI from distributing misleading images of grass growing on a keyboard; Corrective Advertising; Disgorgement of MMI's Profits |

## Maryland Action

| Count | Cause of Action | Factual Basis | Relief Sought |
|---|---|---|---|
| I | 15 U.S.C. § 1125(a) | Seal Shield is alleged to have made false statements or omissions of fact concerning Seal Shield's products. | Order enjoining Seal Shield's advertisements; Money damages |
| II | 35 U.S.C. § 292 | Seal Shield is alleged to have engaged in false patent marking. | Order enjoining Seal Shield from claiming patented technology. |

When the operative complaints are read in their entirety, it is clear: there is not substantial overlap in the gravamen of those actions. Indeed, the undersigned conducted a careful comparison of the operative complaints before filing a Notice of Pendency of Other Actions in this case, and concluded that there were no common questions of fact or prospective duplication in the prosecution or resolution of the Maryland Action and the Florida Action.

Many of the witnesses to the actions complained of in the Florida Action are located in the Middle District of Florida, including the witnesses to MMI's use of images with grass growing on a keyboard, are located in the state of Florida, making this, by far, the most convenient forum for those witnesses.

Penultimately, the Maryland Court is in the best position to determine, given the very unique procedural posture of the Maryland Action, whether consolidation is appropriate or even possible at this point. At the risk of getting too far in the weeds, the undersigned simply notes that, as a result of numerous delays and late filings by MMI in that action, the Maryland Court took the unusual step of allowing Seal Shield's counsel to

take the deposition of MMI's Maryland counsel, regarding, inter alia, MMI's counsel's use of Percodan and Percocet not prescribed to him.[2]. The Maryland Court ultimately cited that use of Percodan and Percocet (ECF No. 76) in denying an untimely motion by MMI, and has also held, "No additional extensions will be granted henceforth for Plaintiff, who has failed to adhere to previous deadlines." (*See* ECF No. 69.) Seal Shield is currently seeking sanctions in the Maryland Action, including the sanction of dismissal. (*See* ECF No. 77.) The undersigned could spend ten pages describing the procedural posture of the Maryland Court; however, such an in depth analysis simply isn't required for disposition of the Motion to Dismiss.

Finally, though Seal Shield firmly believes this Court should deny the Motion to Dismiss, if this Court is inclined to grant the requested relief, Seal Shield respectfully suggests the more appropriate relief would be transfer of this action to the United States District Court for the District of Maryland, and so it requests that relief, in the alternative.

### III.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion to Dismiss, or, in the alternative, enter an Order transferring this action to the United States District Court for the District of Maryland.

DATED THIS 16th day of October, 2015.

---

[2] On deposition, MMI's Maryland counsel admitted that the Percodan and Percocet were prescribed to another individual in Canada and brought into the United States by MMI's counsel.

_____
**J. ANDREW MCCARTHY, JR., ESQ.**
Florida Bar Number: 41568
915 West Second Avenue
Windermere, Florida 34786
Telephone: 407-453-0353
Email: andrew@sealshield.com

**GREGORY P. HENGBER, ESQ.**
Florida Bar No. 59201
9973 N.W. 64th Court
Parkland, Florida 33076
Telephone: 407-453-0353
Email: greg@sealshield.com

COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Dineen Pashoukos Wasylik
>DPW Legal
>PO Box 48323
>Tampa, FL 33646
>dineen@ip-appeals.com

>James J. Fournier
>Law Office of James J. Fournier
>69 Bryant Street, N.W.
>Washington, DC 20001
>James.fournier@gmail.com

>Respectfully submitted,
>
>*/s/ J. Andrew McCarthy, Jr.*
>_____
>**J. ANDREW MCCARTHY, JR., ESQ.**